IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>           Plaintiff,<br><br>vs.<br><br>REFUGIO MARIZCALES DELGADILLO,<br>           Defendants. | ORDER AND<br>MEMORANDUM DECISION<br><br>Case No. 2:01-cr-250<br>Judge Tena Campbell |

The Tenth Circuit Court of Appeals has remanded this matter to the court to determine whether there is excusable neglect for Defendant Refugio Marizcales Delgadillo's potentially untimely notice of appeal, and if so, whether the time for filing the notice of appeal should be extended.

Under the Federal Rules of Appellate Procedure, an appellant's notice of appeal must be filed in the district court within fourteen days after the entry of the order being appealed. Fed. R. App. P. 4(b)(1)(A). Mr. Delgadillo appeals an order that was entered on December 26, 2012, but his notice of appeal was filed on January 14, 2013, five days after the deadline.

The court may extend the time to file a notice of appeal for an additional thirty days upon a finding of excusable neglect or good cause. Fed. R. App. P. 4(b)(4). In determining what constitutes excusable neglect, the court must "tak[e] account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Four factors that are relevant are: (1) danger of unfair prejudice to the nonmoving party; (2) length of the delay and the potential impact on judicial proceedings; (3) reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. Id.; see United States v. Torres, 372 F.3d 1159, 1162 (10th Cir. 2004) (concluding that the Pioneer factors "appl[y] to the term 'excusable neglect' as

it is used in Federal Rule of Appellate Procedure 4(b)(4).").  The determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  Pioneer, 507 U.S. at 395.  Defendant has the burden to establish excusable neglect.  See United States v. Lucas, 597 F.2d 243, 245 (10th Cir. 1979).

      Each of the four Pioneer factors weigh in favor of finding excusable neglect.  The five-day delay has not threatened to cause unfair prejudice to the Government and has not delayed the judicial proceedings.  Mr. Delgadillo filed his notice of appeal in good faith.  And most importantly, the reason for the delay was beyond the reasonable control of Mr. Delgadillo.  The delay appears to have been mostly due to the complications associated with the mail system at the prison where Mr. Delgadillo is housed.  The appeal deals with an order that was entered on December 26, 2012, but Mr. Delgadillo did not receive notice of that order until December 31, 2012.  He prepared his notice of appeal pro se, and then signed and deposited it into the prison mail system just a few days later, on January 4, 2013.  The envelope was marked as "legal mail," and otherwise conformed to the requirements imposed by the prison mail system.  But as a result of internal delays caused by the prison mail system, the notice of appeal did not arrive at the court until ten days later.

      For the above reasons, the time for Mr. Delgadillo to file his notice of appeal is HEREBY extended until January 15, 2013.  Mr. Delgadillo's notice of appeal was therefore timely filed.

      SO ORDERED this 25th day of February, 2013.

                          BY THE COURT:

                          *Tena Campbell*

                          TENA CAMPBELL
                          United States District Judge